UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

CHAREESE KHAMIS, Individually and as Mother and Natural Guardian of ANGELINA KHAMIS and TAYLOR BONITO, infants under the age of eighteen years,

                          Plaintiffs,

                 -against-

THE CITY OF NEW YORK, DET. RAYMOND WITTICK, Shield No. 710, Tax ID No. 905308 Individually and in his Official Capacity and P.O.'s "JOHN DOE" #1-10, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown),

                          Defendants.

---------------------------------------------------------------X

08 4029



OCT 02 2008
BROOKLYN OFFICE

**COMPLAINT**

08 4029

**JURY TRIAL DEMANDED**

**ECF CASE**

WEINSTEIN, J.
POHORELSKY, M.J.

     Plaintiffs CHAREESE KHAMIS, individually and as mother and natural guardian of ANGELINA KHAMIS and TAYLOR BONITO, infants under the age of eighteen years, by their attorneys, Cohen & Fitch LLP, complaining of the defendants, respectfully allege as follows:

**PRELIMINARY STATEMENT**

     1.     Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff CHAREESE KHAMIS is an African American female, a citizen of the United States, and at all relevant times a resident of Richmond County, State of New York.

7. Infant plaintiff ANGELINA KHAMIS is an African American female, a citizen of the United States, and at all relevant times a resident of Richmond County, State of New York.

8. Infant plaintiff TAYLOR BONITO is an African American female, a citizen of the United States, and at all relevant times a resident of Richmond County, State of New York.

9. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

10. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

11. That at all times hereinafter mentioned, the individually named defendants DET. RAYMOND WITTICK, and P.O.'s "JOHN DOE" #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

12. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

14. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

15. On or about February 14, 2008, at approximately 5:30 a.m., plaintiffs were lawfully present in the premises known as 208 Lockman Avenue, Apartment 6B, in the County of Richmond, State of New York.

16. At the aforesaid time and place, defendant police officers broke down the door of plaintiffs' home.

17. Upon information and belief, the police officers did not enter pursuant to a valid search warrant.

18. Upon information and belief, the police officers did not provide a copy of said warrant to plaintiffs upon repeated requests.

19. Upon information and belief, the police officers, if they did possess a warrant, did not enter in a manner or at a time authorized in the warrant.

20. Upon information and belief, none of the plaintiffs were listed or described as suspects or targets on any application for any warrant.

21. Defendant police officers then aggressively entered the house with their guns drawn, terrorizing plaintiffs.

22. At the time of defendants' entry, plaintiff CHAREESE KHAMIS was in her bedroom asleep.

23. Defendant police officers entered CHAREESE KHAMIS's bedroom.

24. Several defendant police officers had their guns drawn and were pointing them at plaintiff CHAREESE KHAMIS.

25. At the aforesaid time, plaintiff CHAREESE KHAMIS was only wearing a tank top shirt and her underwear and there were only male police officers inside of said location.

26. At the aforesaid time, plaintiff requested to be allowed to cover herself with a blanket, to which one of the defendant officers responded "DON'T FUCKING MOVE."

27. Shortly thereafter plaintiff CHAREESE KHAMIS was taken into her bathroom and completely strip searched for contraband.

28. As a result of this unprovoked and unwarranted intrusion, plaintiff CHAREESE KHAMIS sustained, *inter alia,* heart palpitations, mental anguish, shock, fright, apprehension, embarrassment, humiliation, shame and deprivation of her constitutional rights.

29. During the course of this search, infant plaintiffs ANGELINA KHAMIS and TAYLOR BONITO were confined to their bedroom, not permitted to leave and left to watch as the search was carried out and their mother, plaintiff CHAREESE KHAMIS, was arrested.

30. While plaintiffs were in custody, defendant police officers searched the entire house.

31. Following plaintiff's arrest, plaintiff CHAREESE KHAMIS requested that someone contact her mother so that her children, infant plaintiffs ANGELINA KHAMIS and TAYLOR BONITO would not be left alone in the apartment, to which the defendant officers responded "SHUT UP" and plaintiff CHAREESE KHAMIS was removed from the premises.

32. Following the removal of plaintiff CHAREESE KHAMIS, the defendant officers physically escorted infant plaintiff TAYLOR BONITO to the neighbors apartment.

33. Immediately thereafter, infant plaintiff ANGELINA KHAMIS remained in custody for over thirty (30) minutes while the defendant officers interrogated her.

34. At no time during the course of the aforesaid interrogation was infant plaintiff ANGELINA KHAMIS advised of her Miranda rights.

35. Notwithstanding the lack of any evidence or contraband found on plaintiff CHAREESE KHAMIS, defendants arrested plaintiff and charged her with Criminal Possession of a Controlled Substance in the Fifth and Seventh Degree.

36. The plaintiff CHAREESE KHAMIS never possessed or controlled any contraband or controlled substance.

37. In connection with their arrest, defendants filled out false and misleading police reports and forwarded said reports to prosecutors in the Richmond County District Attorney's Office.

38. Thereafter, defendants repeatedly gave false and misleading testimony regarding the facts and circumstances of plaintiff's arrest.

39. As a result of their unlawful arrest, plaintiff CHAREESE KHAMIS spent approximately eighteen (18) hours in jail and approximately six (6) months making numerous court appearances in connection with these charges.

40. On or about August 27, 2008, all charges against plaintiff CHAREESE KHAMIS were dismissed.

41. As a result of the foregoing, plaintiff CHAREESE KHAMIS sustained, *inter alia*, heart palpitations, mental anguish, shock, fright, apprehension, embarrassment, and humiliation, and deprivation of their constitutional rights.

42. As a result of the foregoing, infant plaintiffs ANGELINA KHAMIS and TAYLOR BONITO sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, and humiliation, and deprivation of their constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

43. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "42" with the same force and effect as if fully set forth herein.

44. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

45. All of the aforementioned acts deprived plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

46. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

47. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

48. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

49. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. As a result of the aforesaid conduct by defendants, plaintiffs were subjected to illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

51. As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, they were put in fear for their safety, and they were humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

52. Plaintiffs repeat, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. Defendants misrepresented and falsified evidence before the District Attorney.

54. Defendants did not make a complete and full statement of facts to the District Attorney.

55. Defendants withheld exculpatory evidence from the District Attorney.

56. Defendants were directly and actively involved in the initiation of criminal proceedings against CHAREESE KHAMIS.

57. Defendants lacked probable cause to initiate criminal proceedings against CHAREESE KHAMIS.

58. Defendants acted with malice in initiating criminal proceedings against CHAREESE KHAMIS.

59. Defendants were directly and actively involved in the continuation of criminal proceedings against CHAREESE KHAMIS.

60. Defendants lacked probable cause to continue criminal proceedings against CHAREESE KHAMIS.

61. Defendants acted with malice in continuing criminal proceedings against CHAREESE KHAMIS.

62. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

63. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in CHAREESE KHAMIS's favor on or about August 27, 2008 when all charges against her were dismissed.

64. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and she was put in fear for her safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

65. Plaintiffs repeat, reiterates and realleges each and every allegation contained in paragraphs "1" through "64" with the same force and effect as if fully set forth herein.

66. Defendants issued legal process to place plaintiff CHAREESE KHAMIS under arrest.

67. Defendants arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

68. Defendants acted with intent to do harm to plaintiff CHAREESE KHAMIS, without excuse or justification.

69. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and she was put in fear for her safety and she was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### FIFTH CLAIM FOR RELIEF
### DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
### UNDER 42 U.S.C. § 1983

70. Plaintiffs repeat, reiterates and realleges each and every allegation contained in paragraphs "1" through "69" as if the same were more fully set forth at length herein.

71. Defendants created false evidence against plaintiff CHAREESE KHAMIS.

72. Defendants forwarded false evidence and false information to prosecutors in the Richmond County District Attorney's office.

73. Defendants misled the prosecutors by creating false evidence against plaintiff CHAREESE KHAMIS and thereafter providing false testimony throughout the criminal proceedings.

74. In creating false evidence against plaintiff CHAREESE KHAMIS, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

75. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and she was put in fear for her safety and she was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## SIXTH CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

76. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77. The level of force employed by defendants was objectively unreasonable and in violation of the constitutional rights of the plaintiffs.

78. As a result of the aforementioned conduct of defendants, plaintiffs were subjected to excessive force and sustained physical and emotional injuries.

## SEVENTH CLAIM FOR RELIEF
## UNLAWFUL SEARCH AND ENTRY UNDER 42 U.S.C. § 1983

79. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80. As a result of the aforesaid conduct by defendants, plaintiffs' home and possessions were illegally and improperly entered without consent, a valid warrant, probable cause, privilege or consent, in violation of their constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

81. As a result of the aforesaid conduct by the defendants, plaintiffs' home was entered illegally at time not prescribed in the warrant, in violation of their constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

82. As a result of the aforesaid conduct by the defendants, plaintiffs' were not provided a copy of said warrant upon their request, in violation of their constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

83. As a result of the aforesaid conduct by defendants, plaintiffs' home and possessions were illegally and improperly searched without any warrant, probable cause,

privilege or consent, in violation of their constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

## EIGHTH CLAIM FOR RELIEF
### CUSTODIAL INTERROGATION WITHOUT MIRANDA WARNINGS UNDER 42 U.S.C. § 1983

84. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

85. As a result of defendants' aforementioned conduct, infant plaintiff ANGELINA KHAMIS was subjected to custodial interrogation without being advised of her Miranda rights under the Fifth Amendment to the Constitution of the United States.

86. As a result of the aforesaid conduct of the defendants, infant plaintiff ANGELINA KHAMIS was subjected to illegal and improper custodial interrogation for over thirty (30) minutes without being Mirandized and without consent or privilege, in violation of her constitutional rights as set forth in the Fifth Amendment to the Constitution of the United States.

## NINTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY

87. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

89. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but were not limited to, a) obtaining no-knock warrants by misrepresenting to judges the reliability of information received from confidential informants, b) entering the premises at a time not authorized in the

warrant, c) arresting any and all individuals in said premises regardless of probable cause, d) refusing to present the search warrant to individuals upon request, and e) utilizing excessive force in executing such warrants.

90. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs.

91. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

92. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

93. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiffs were unlawfully arrested and detained, and subjected to excessive Force.

94. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs' constitutional rights.

95. The acts complained of deprived plaintiffs of their rights:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from malicious abuse of process;

    D. Not to have excessive force imposed upon them;

    E. To be free from unlawful search;

    F. Not to have summary punishment imposed upon them; and

    G. To receive equal protection under the law.

96.  As a result of the foregoing, plaintiffs are entitled to compensatory damages in the sum of two million dollars ($2,000,000.00) and are further entitled to punitive damages against the individual defendants in the sum of two million dollars ($2,000,000.00).

**WHEREFORE**, plaintiff CHAREESE KHAMIS, individually and as mother and natural guardian of ANGELINA KHAMIS and TAYLOR BONIITO, infants under the age of eighteen years, demand judgment in the sum of two million dollars ($2,000,000.00) in compensatory damages and two million dollars ($2,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
       September 30, 2008

BY: _____
JOSHUA P. FITCH (JF-2813)
COHEN & FITCH LLP
Attorneys for Plaintiff
225 Broadway, Suite 2700
New York, N.Y. 10007
(212) 374-9115